Juan C. Araneda (SBN 213041)
    E-Mail: jaraneda@fisherphillips.com
FISHER & PHILLIPS LLP
One Montgomery Street, Suite 3400
San Francisco, California 94104
Telephone: (415) 490-9000
Facsimile: (415) 490-9001

Victoria Shin (SBN 306347)
    E-Mail: vshin@fisherphillips.com
FISHER & PHILLIPS LLP
444 South Flower Street, Suite 1500
Los Angeles, California 90071
Telephone: (213) 330-4500
Facsimile: (213) 330-4501

Attorneys for Defendants
WAL-MART ASSOCIATES, INC. and WALMART INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIM GARCIA,<br><br>                    Plaintiff,<br><br>        v.<br><br>WAL-MART ASSOCIATES, INC.;<br>WALMART INC.; and DOES 1<br>through 100, Inclusive,<br><br>                    Defendants. | Case No:<br><br>*[Removed from Los Angeles County Superior Court Case No. 23STCV01957]*<br><br>**DEFENDANTS WAL-MART ASSOCIATES, INC. AND WALMART INC.'S NOTICE OF PETITION FOR REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446 (DIVERSITY JURISDICTION)**<br><br>*[Filed concurrently with Civil Cover Sheet, Corporate Disclosure Statement, Declaration of Victoria Shin, Notice of Related Cases, and Certificate of Interested Parties]*<br><br>Complaint Filed:   January 30, 2023<br>Trial Date:        Not Yet Set |

1

DEFENDANTS' NOTICE OF PETITION FOR REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446 (DIVERSITY JURISDICTION)

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. sections 1332, 1441 and 1446, Defendants Wal-Mart Associates, Inc. and Walmart Inc. (collectively "Defendants"), by and through their attorneys of record, hereby remove the above-entitled action from the Superior Court of the State of California in and for the County of Los Angeles, to the United States District Court for the Central District of California (Western Division), on the following grounds:

## BASIS FOR REMOVAL - DIVERSITY OF CITIZENSHIP

1. On January 30, 2023, Plaintiff Jim Garcia filed a Complaint in the Superior Court of the State of California in and for the County of Los Angeles styled *Jim Garcia v. Wal-Mart Associates, Inc. et al.,* Case No. 23STCV01957.

2. Removal of a case to federal court is governed in part by 28 U.S.C. section 1441, which generally allows removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).

3. Pursuant to 28 U.S.C. section 1332, the United States District Court for the Central District of California has original jurisdiction over the parties and the subject matter of this action because it is an action arising in Los Angeles County, the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, and it is an action between citizens of different states. 28 U.S.C. §§ 1332(a), 1441. *See also* L.R. 120(d).

4. A copy of Plaintiff's Complaint, filed in the Superior Court of the State of California, County of Los Angeles, along with a copy of the Summons and all other materials served on Defendants by Plaintiff are attached hereto as **Exhibit A**. A true and correct copy of the Answers to the Complaint filed by Defendants in the Los Angeles County Superior Court on March 8, 2023, are attached hereto as **Exhibit C**. Exhibits A and C constitute all process, pleadings, and orders known by Defendants to exist in this action.

5. Defendants Wal-Mart Associates, Inc. and Walmart Inc. are both Delaware corporations, with their principal place of business in Arkansas. (Declaration of Victoria

DEFENDANTS' NOTICE OF PETITION FOR REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446 (DIVERSITY JURISDICTION)

FP 46421988.1

Shin ("Shin Decl."), ¶6-7, Exh. D, E.) Defendants maintain their executive office in Arkansas, and the management of Defendants' operations and finances is performed in Arkansas. (*Id*.)

6. The defendants designated as Does 1 to 100 in Plaintiff's Complaint are fictitious defendants, and have not been served, to Defendants' knowledge. (S*ee* Complaint ¶4.) Un-served defendants need not join in the notice of removal. *See Emrich v. Touche Ross & Co.,* 846 F.2d 1190, 1193 n.1 (9th Cir. 1988). Additionally, the citizenship of fictitious defendants is disregarded for purposes of removal. 28 U.S.C. § 1441(b)(1).

7. Plaintiff is a citizen of California. (Complaint ¶1.) Accordingly, this action is between citizens of different states, specifically California and Arkansas/Delaware. This complete diversity of citizenship existed at the time Plaintiff filed his Complaint and it exists at the time of this removal.

8. As required by 28 U.S.C. section 1446(b), this petition is filed within thirty (30) days after Defendants were served with the Summons and Complaint. Specifically, on February 10, 2023, Plaintiff served his Complaint upon Defendants' agent for service of process (CT Corporation) in California. (Shin Decl., ¶4, Exh. B.)

## AMOUNT IN CONTROVERSY

9. Diversity jurisdiction exists where the parties are diverse of citizenship and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.  28 U.S.C. §1332(a).

10. The $75,000 threshold necessary for diversity jurisdiction is not particularly burdensome. Indeed, when seeking removal of a state action to federal court based on diversity jurisdiction, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014). The failure of the Complaint to specify the total amount of damages or other monetary relief sought by Plaintiff does not deprive this Court of jurisdiction. *See, e.g., Saulic v. Symantec Corp.*,

No. SA-CV-07-610-AHS(PLAx), 2007 WL 5074883, *5 (C.D. Cal. Dec. 26, 2007); *Parker-Williams v. Charles Tini & Associates, Inc.*, 53 F.Supp.3d 149, 152 (D.D.C. 2014).

11.     Where, as here, a complaint does not state the amount in controversy, removal is proper if the court finds by a preponderance of evidence that the amount in controversy plausibly exceeds the jurisdictional threshold of $75,000. *See Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018). "The amount in controversy may include damages (compensatory, punitive, or otherwise) . . . as well as attorneys' fees awarded under fee shifting statutes." *Id.* (quoting *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648–49 (9th Cir. 2016)). In other words, this Court may consider whether it is facially apparent from the Complaint that it is more likely than not that the jurisdiction amount of $75,000 is in controversy. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). "In assessing the amount in controversy, [the Court] may consider allegations in the complaint and in the notice of removal, as well as summary-judgment-type evidence relevant to the amount in controversy." *Chavez*, 888 F.3d at 416. The allegations of the Complaint demonstrate that Plaintiff seeks damages in excess of the jurisdictional requirement of $75,000. Economic damages, non-economic damages, general damages, punitive damages, and attorneys' fees are all included in determining the amount in controversy. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155–56 (9th Cir. 1998).

12.     While Defendants deny any liability as to Plaintiff's claims, Defendants can satisfy their burden of showing that the jurisdiction threshold of $75,000 is in controversy. *Sanchez*, 102 F.3d at 404. "[That] burden is not 'daunting,' as courts recognize that under this standard, removing Defendants are not obligated to 'research, state, and prove the plaintiff's claim for damages.'" *Muniz v. Pilot Travel Centers LLC*, 2007 WL 1302504, *2 (E.D. Cal. May 1, 2007) (quoting *McCraw v. Lyons*, 863 F. Supp. 430, 434 (W.D. Ky. 1994)). In measuring the amount in controversy, the Court must

DEFENDANTS' NOTICE OF PETITION FOR REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446 (DIVERSITY JURISDICTION)

FP 46421988.1

assume that the allegations of the Complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the Complaint. *Korn v. Polo Ralph Lauren*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008). Further, the Court may examine extrinsic evidence of the amount in controversy. *See Singer*, 116 F.3d at 377 (requiring parties to submit "summary-judgment-type evidence relevant to the amount of controversy at the time of removal") (citation omitted).

13.    Though Defendants deny that Plaintiff is entitled to any damages, Plaintiff seeks (1) general damages, including past and future emotional distress; (2) medical expenses and related items of expense; (3) loss of earnings and earning capacity; (4) attorneys' fees and costs; (5) prejudgment interest; (6) punitive and exemplary damages; (7) costs of suit; and (8) any other relief the Court may deem just and proper.  (*See* **Exhibit A**, Prayer for Relief ¶¶ 1–12.) California federal courts have routinely found that the amount-in-controversy requirement is satisfied in cases with similar claims. *See, e.g., Rodriguez v. Home Depot, USA, Inc.*, No. 16-CV01945-JCS, 2016 WL 3902838 (N.D. Cal. July 19, 2016) (amount-in-controversy requirement satisfied in wrongful termination case seeking lost wages, equitable relief, restitution, emotional distress damages, punitive damages, and attorneys' fees and costs); *Castanon v. Int'l Paper Co.*, No. 2:15-CV-08362-ODW, 2016 WL 589853 (C.D. Cal. Feb. 11, 2016) (amount-in-controversy requirement satisfied in disability discrimination case seeking lost earnings, emotional distress and punitive damages, and attorneys' fees); *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029 (2002) (amount-in-controversy requirement satisfied in employment discrimination case seeking compensatory damages, punitive damages, emotional distress damages, injunctive relief, and attorneys' fees).

14.    Here, the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, based on the following allegations and evidence:

a.    **Plaintiff's Lost Wages.** Plaintiff alleges that as a result of Defendants' conduct, he is entitled to "loss of earnings" and "loss of earning capacity" (**Exhibit A**, Prayer for Relief ¶ 3-4). Under California's Fair

Employment and Housing Act, Cal. Gov't Code section 12926, *et seq*., all non-contractual tort remedies are potentially recoverable, including back pay, front pay, compensatory damages, punitive damages, attorneys' fees and costs. *See, e.g., Commodore Home Sys., Inc. v. Super. Ct.*, 649 P.2d 912 (Cal. 1982). Here, Plaintiff was a salaried exempt employee at the time of termination on February 8, 2021. (Complaint, ¶27.) The minimum salary threshold for salaried exempt employees in 2021 was $58,240 per year for employers of 26 or more employees. Even if Plaintiff's salary is assumed to be the minimum threshold of $58,240 per year, between his termination and the date of this Notice of Removal, approximately two years and one month has passed. Accordingly, Plaintiff's backpay claim plausibly approximates to $121,333.33 (calculated as an annual salary of $58,240 for two years plus one month's salary ($4,853.33)), as of the date of this Notice of Removal. However, it is likely that Plaintiff will seek lost wages from the date of his termination through trial. It is also likely that trial will not be set for at least a year after the filing of this Notice of Removal (that is, approximately another year after Plaintiff's employment termination)—at which point, Plaintiff's amount in back pay claim will plausibly approximate $179,573.33 (calculated $58,240 for three years plus one month's salary ($4,853.33)).[1] Thus, Plaintiff's claim for lost wages alone satisfies the amount in controversy requirement. *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (plaintiff's lost wages are included in amount in controversy); *Browand v. Ericsson Inc.*, No. 18-CV-02380-EMC, 2018 WL 3646445, at *5 (N.D. Cal. Aug. 1, 2018) (defendants' calculation that plaintiff would be owed more than $75,000 in backpay if she was wrongfully terminated sufficient to establish amount in controversy); *Tukay v. United Cont'l*

---

[1] Defendants do not concede that Plaintiff has stated a claim on which relief can be granted, that he suffered any damages, or that Defendants are responsible for any damages he may have suffered. In fact, Defendants deny all of these allegations. Defendants reserve all defenses, including but not limited to defenses relating to failure to mitigate and the after acquired evidence defense.

DEFENDANTS' NOTICE OF PETITION FOR REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446 (DIVERSITY JURISDICTION)

FP 46421988.1

*Holdings, Inc.*, No. 14-CV-04343-JST, 2014 WL 7275310, at *2 (N.D. Cal. Dec. 22, 2014) (defendant's reasonable calculation that plaintiff's backpay exceeds $75,000 sufficient to establish the amount in controversy).

b.    **Plaintiff's General Damages for Emotional Distress.** Plaintiff alleges that, as a result of Defendants' alleged conduct toward him caused him "to suffer severe and permanent emotional and mental distress and anguish, humiliation, embarrassment, fright, shock, pain, discomfort and anxiety." (**Exhibit A, ¶¶** 38, 75, 112, 126, 139.) The emotional distress component of Plaintiff's alleged damages must be considered in determining whether the amount in controversy requirement has been established. *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) ("[T]he district court properly considered...emotional distress damage awards in similar age discrimination cases."). Further, a defendant may use damage awards in other cases to establish that the amount in controversy exceeds $75,000. *See Simmons*, 209 F. Supp. 2d at 1033. Employment discrimination cases in California alleging similar emotional distress injuries have resulted in verdicts that well exceed the diversity jurisdiction threshold of $75,000. *See Velez v. Roche*, 335 F. Supp. 2d 1022, 1037 (N.D. Cal. 2004) ($300,000 emotional distress award where plaintiff suffered depression and other mental anguish following discrimination, even where plaintiff did not formally consult a doctor, did not take any medication for her condition, and continued to work); *Zanone v. City of Whittier*, 162 Cal. App. 4th 174, 183, 185 (2008) (affirming emotional distress award of $660,000 on plaintiff's FEHA discrimination and retaliation claims where plaintiff suffered "stress, anxiety and depression"); *Iwekaogwu v. City of Los Angeles*, 75 Cal. App. 4th 803, 821 (1999) (affirming award of more than $450,000 for emotional distress for FEHA discrimination claims where plaintiff suffered "nightmares, loss of appetite, and loss of interest in ordinary activities"); *Kelly-Zurian v. Wohl Shoe Co.*, 22 Cal. App. 4th 397, 410 (1994) (affirming award of more than $110,000 in emotional distress damages in

7

employment discrimination case where plaintiff was diagnosed with anxiety); *Lave v Charter Commc'ns, LLC*, No. RIC 1508865, 2017 WL 2901375, at *3 (Cal. Super. Ct. June 07, 2017) (verdict awarding $575,000 in emotional distress damages where FEHA and IIED plaintiff experienced depression, insomnia, irritability, and anxiety); *see also Glenn-Davis v. City of Oakland*, No. C 02-02257SI, 2007 WL 687486, at *2 (N.D. Cal. Mar. 5, 2007) (reducing $1.85 million emotional distress award to $400,000 for "garden variety" emotional distress stemming from plaintiff's discrimination claims). Accordingly, Plaintiff's claim for emotional distress injuries plausibly establishes the amount in controversy. *See Rodriguez v. Home Depot, U.S.A., Inc.*, No. 16-CV-01945-JCS, 2016 WL 3902838, at *5 (N.D. Cal. July 19, 2016) (amount in controversy was established in discrimination and retaliation case claiming emotional distress because emotional distress damages in similar cases have been substantial). Thus, if Plaintiff is able to prove his claims at trial, it is reasonable to conclude that Plaintiff will seek, and a jury may award, in excess of $75,000 for emotional distress damages. Accordingly, the amount in controversy here clearly exceeds $75,000, especially when Plaintiff's lost wages damages are added to a potential recovery of emotional distress damages of at least $75,000.

c.      **Plaintiff's Attorneys' Fees.** Plaintiff also seeks to recover attorneys' fees. (**Exhibit A**, Prayer for Relief ¶ 5-6, 8.) Attorneys' fees (future and accrued) are also properly considered in calculating the amount in controversy for purposes of removal on grounds of diversity. *See Fritsch v. Swift Transp. Co. of Arizona, LLC,* 899 F.3d 785, 794 (9th Cir. 2018); *Galt G/S*, 142 F.3d at 1156 (claims for attorneys' fees are to be included in amount in controversy, regardless of whether award is discretionary or mandatory). The Ninth Circuit Court of Appeals has held that "Section 1332(a)'s amount-in-controversy requirement excludes only 'interest and costs' and therefore includes attorneys' fees." *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007). Under California Government Code

DEFENDANTS' NOTICE OF PETITION FOR REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446 (DIVERSITY JURISDICTION)

FP 46421988.1

section 12965(b), the court in its discretion may award fees and costs to the "prevailing party" in Fair Employment and Housing Act lawsuits. Although the statute provides that the court "may" award fees, cases hold that a prevailing plaintiff is entitled to fees "absent circumstances that would render the award unjust." *Horsford v. Board of Trs. of Cal. State Univ.*, 132 Cal.App.4th 359, 394 (2005). Defendants anticipate that depositions will be taken in this case and that Defendants may ultimately file a Motion for Summary Judgment. Based on defense counsel's experience, attorneys' fees in employment discrimination cases generally will exceed $50,000, and will often exceed $100,000. Other courts have also noted that in individual employment cases, attorneys' fees alone can often exceed the jurisdictional minimum. *See, e.g., Simmons*, 209 F. Supp. 2d at 1035 (N.D. Cal 2002) ("The court notes that in its twenty-plus years' of experience, attorneys' fees in individual discrimination cases often exceed the damages."); *Haase v. Aerodynamics, Inc.*, No. 2:09-CV-01751-MCE- GG, 2009 WL 3368519, at *5 (E.D. Cal. Oct. 19, 2009) (finding that "even a minimal award of attorneys' fees would cause the amount in controversy to exceed the jurisdictional minimum."). Thus, it is more likely than not that the fees incurred in this case will exceed at least $50,000 through discovery and a summary judgment hearing, and the fees would certainly exceed $100,000 if the case proceeds to trial. Accordingly, even assuming an attorneys' fees award of $50,000, the amount in controversy threshold of $75,000 would be easily surpassed when aggregating Plaintiff's claimed lost wages, emotional distress damages, and potential attorneys' fee award.

d.   **Plaintiff's Claimed Punitive Damages.** Plaintiff also seeks to recover punitive damages, alleging, without any specific support, that Defendants' conduct was "willful, wanton, malicious, intentional, oppressive and despicable and were done in wilful[sic] and conscious disregard of the rights, welfare and safety of Plaintiff." (**Exhibit A**, ¶ 40, 77, 114, 128, 141; Prayer for Relief ¶ 10.) Employment discrimination cases in California have resulted in punitive damages

FP 46421988.1

awards exceeding $75,000. *See Pande v. ChevronTexaco Corp.*, No. C-04-05107 JCS, 2008 WL 906507, at *1 (N.D. Cal. Apr. 1, 2008) (plaintiff awarded $2.5 million in punitive damages on CFRA, FEHA, and related violation of public policy under California law claims); *Alvarado v. Fed. Express Corp.*, No. C 04-0098 SI, 2008 WL 744824, at *5 (N.D. Cal. Mar. 18, 2008) (upholding $300,000 punitive damages award in discrimination case); *Harvey v. Sybase, Inc.*, 76 Cal. Rptr. 3d 54, 62, 73 (Cal. Ct. App. 2008) (reinstating $500,000 punitive damages award on plaintiff's FEHA discrimination claims); *Weeks v. Baker & McKenzie*, 63 Cal. App. 4th 1128, 1137 (1998) (affirming $3.5 million punitive damages award against employer in a discrimination case under the Fair Employment and Housing Act ("FEHA")); *Hunio v. Tishman Const. Corp. of Cal.*, 18 Cal. Rptr. 2d 253, 257, 266 (Cal. Ct. App. 1993) (finding award of $1 million in punitive damages on discriminatory constructive discharge cause of action was "certainly within permissible limits"). Accordingly, Plaintiff's punitive damages claim plausibly establishes the amount in controversy. *See Rodriguez*, 2016 WL 3902838, at *6 (claim for punitive damages in employment discrimination and retaliation case established amount in controversy because punitive damage awards in similar cases have exceeded jurisdictional threshold).

15.     Based upon the foregoing, it is respectfully submitted that the amount in controversy exceeds $75,000, and that this action is properly removed to this Court.

## VENUE & INTRA-DISTRICT ASSIGNMENT

16.     Pursuant to 28 U.S.C. section 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." *See Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 666 (1953) (holding the venue of a removed action is governed by 28 U.S.C. section 1441(a) and is properly laid in the district embracing the place where the action is pending). This Court embraces the Los Angeles County Superior

DEFENDANTS' NOTICE OF PETITION FOR REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446 (DIVERSITY JURISDICTION)

FP 46421988.1

Court, which is where Plaintiff's Complaint was originally filed and where the action is currently pending. Accordingly, this Court is the appropriate court to which to remove this action.

## NOTICE OF REMOVAL

17. As required by 28 U.S.C. section 1446(d), a copy of the Notice of Petition for Removal will be attached to a pleading entitled Notice to Adverse Party and State Court of Removal of Action to Federal Court and promptly served on Plaintiff and filed with the Clerk of the Superior Court of the State of California, in and for the County of Los Angeles.

18. In compliance with 28 U.S.C. section 1446(a), true and correct copies of all "process, pleadings, and orders" from the State Court Action served on Defendants or filed by Defendants are attached to this Notice of Petition for Removal as Exhibits A and C.

## CONCLUSION

19. Complete diversity of citizenship exists inasmuch as Plaintiff is a citizen of California and Defendants are citizens of Delaware and Arkansas. Furthermore, the amount in controversy exceeds $75,000. Accordingly, this Court has diversity jurisdiction of this matter pursuant to 28 U.S.C. sections 1332, 1441, and 1446, and Defendants have properly removed the State Court Action to this Court. Defendants reserve, and does not waive, any objections it may have to jurisdiction, venue, and any and all other defenses or objections to the action.

///
///
///
///
///
///
///

DEFENDANTS' NOTICE OF PETITION FOR REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446 (DIVERSITY JURISDICTION)

FP 46421988.1

## **PRAYER FOR REMOVAL**

WHEREFORE, Defendants pray that the State Court Action be removed from the Superior Court of California, County of Los Angeles, to the United States District Court for the Central District of California.

Dated:  March 9, 2023                    Respectfully submitted,

                                         FISHER & PHILLIPS LLP


                                By:    _/s/ Victoria Shin_____
                                       Juan C. Araneda
                                       Victoria Shin
                                       Attorneys for Defendants
                                       WAL-MART ASSOCIATES, INC. and
                                       WALMART INC.

DEFENDANTS' NOTICE OF PETITION FOR REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446 (DIVERSITY JURISDICTION)

FP 46421988.1

# CERTIFICATE OF SERVICE

I, the undersigned, am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; am employed with the law offices of Fisher & Phillips LLP and my business address is 444 South Flower Street, Suite 1500, Los Angeles, California 90071.

On March 9, 2023 I served the foregoing document entitled **DEFENDANTS WAL-MART ASSOCIATES, INC. AND WALMART INC.'S NOTICE OF PETITION FOR REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446 (DIVERSITY JURISDICTION)** on all the appearing and/or interested parties in this action by placing ☐ *the original* ☒ *a true copy* thereof enclosed in sealed envelope(s) addressed as follows:

Vadim Yeremenko, Esq.
Imran A. Rahman, Esq.
Alex Hadjian, Esq.
**LICATA & YEREMENKO**
**A Professional Law Corporation**
15303 Ventura Boulevard, Suite 600
Sherman Oaks, CA 91403

*Attorneys for Plaintiff, Jim Garcia*

Tel:      (818) 783-5757
Fax:     (818) 783-7710
Email:  vyeremenko@lylegal.net
            irahman@lylegal.net
            ahadjian@lylegal.net

☒ **[by MAIL]** - I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing this affidavit.

☐ **[by ELECTRONIC SUBMISSION]** - I served the above listed document(s) described via the United States District Court's Electronic Filing Program on the designated recipients via electronic transmission through the CM/ECF system on the Court's website. The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document(s). Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.

☐ **[by FEDERAL EXPRESS]** - I am readily familiar with the firm's practice for collection and processing of correspondence for overnight delivery by Federal Express. Under that practice such correspondence will be deposited at a facility or pick-up box regularly maintained by Federal Express for receipt on the same day in the ordinary course of business with delivery fees paid or provided for in accordance with ordinary business practices.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed March 9, 2023 at Los Angeles, California.

Rocio Gonzalez
_____
Print Name

By:  */s/ Rocio Gonzalez*
_____
Signature

1
CERTIFICATE OF SERVICE